IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANK NUNEZ GARCIA CONTRERAS, II, § | |
| #043464, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:20-CV-489-G-BK |
| § | |
| UNITED STATES OF AMERICA, § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, Plaintiff Frank Nunez Garcia Contreras' action should be **DISMISSED WITHOUT PREJUDICE** on the basis of sanctions previously imposed against him.

**I. BACKGROUND**

On February 25, 2020, Contreras, an Arizona state prisoner, filed this action against the United States along with a certificate of inmate trust account. Doc. 3; Doc. 4. The complaint is difficult to decipher and nonsensical, and asserts, *inter alia*, "unlawful surveillance" and that "children hiding inside prison cell bock," and alleges a conspiracy to "scare and intimidate [him] before the American Public as well as an international audience." Doc. 3 at 1-2.

Contreras has filed two other civil cases in this Court and at least 13 more in the United States District Court for the District of Arizona under the name Frank Nunez Garcia, Arizona

Department of Correction (ADC) #043464.[1]  In addition, the certificate of inmate trust account and the envelope used to mail the pleadings in this case reflect that name and inmate number. Doc. 5 at 1; Doc. 3 at 7.  Contreras has also filed cases under the names Francisco Nuñez Contreras and Xavier Nuñez Contreras, II.  *See Garcia v. United States*, No. 2:17-CV-1489 (D. Ariz. May 22, 2017).

In 1992 and 1993, the United States District Court for the District of Arizona imposed the following pre-filing restrictions:

> Plaintiff is enjoined from filing any civil action in this or any other federal court without first obtaining leave of the court. To obtain leave to file, Plaintiff must file an "Application Pursuant to Court Order Seeking Leave to File" and must certify that: (1) "the claim or claims presented have never been raised and disposed of on the merits by any federal court"; and (2) "the claim or claims are not frivolous or taken in bad faith." Additionally, any application seeking leave to file must either cite to the September 10, 1992 Order or affix a copy of that order to the application. The September 10, 1993 Order stated that "failure to comply strictly with these terms shall be sufficient grounds to deny leave to file."

*Id.* (citing pre-filing restrictions initially imposed in *Garcia v. State of Arizona*, No. 2:91-CV-1631 (D. Ariz. Sep. 10, 1993)).

The District Court for the District of Arizona also previously found that Garcia Contreras was barred by the three-strikes provision of 28 U.S.C. § 1915(g) because: (1) he filed at least seven cases that had been dismissed as frivolous and (2) he had not made a credible or coherent allegation that he was in imminent danger of serious physical injury.  *Id.*

---

[1] *See Garcia v. Unidentified Defendant,* 3:19-CV-01936-G-BH (N.D. Tex. Nov. 14, 2019) (dismissing without prejudice for want of prosecution); *Garcia v. Trump et al.*, No. 3:20-CV-00429-X-BT (N.D. Tex. filed Feb. 12, 2020) (recommending that case be dismissed as barred by three strikes).   The PACER Case Locator is available on the Public Access to Court Electronic Records (PACER) website at https://www.pacer.gov/ (last accessed on March 2, 2020).

## II. ANALYSIS

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants." *Ruston v. Dallas Cty., Tex.*, No. 3:07-CV-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (Fitzwater, J). "Pro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Id.* (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In addition, courts possess the inherent power "to protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Moreover, it is "obvious" that "one district court may enforce another's [district court's] sanctions." *Dominguez v. Scott*, 265 F.3d 1058, 2001 WL 872771, at *2 (5th Cir. July 5, 2001) (unpublished). It is equally obvious that, in appropriate circumstances, a district court may enforce "outstanding sanction orders of sister courts" outside the Fifth Circuit. *See Schmidt v. Van Buren*, 243 F. App'x 803, at *1-2 (5th Cir. 2007) (per curiam) (upholding the enforcement of a sanction order that rested in part on a sanction from the United States District Court for the Southern District of New York (citing *Balawajder v. Scott,* 160 F.3d 1066, 1067-68 (5th Cir. 1998)); *Wright v. FBI*, No. 3:19-CV-1872-S-BK, 2019 WL 7593245 (N.D. Tex.), *R. & R. accepted*, 2020 WL 247727 (N.D. Tex. Jan. 15, 2020) (enforcing a sanction order from the U.S. District Court for the

Western District of Tennessee); *Brown v. Mariam*, No. 4:18-CV-757-A (N.D. Tex. Sep. 26, 2018) (McBryde, J.) (enforcing a sanction order from the District of Columbia).

The primary reason for enforcing another court's sanction order is the doctrine of judicial notice. "One court may take judicial notice of another district court's judicial actions." *Sparkman v. Charles Schwab & Co.*, 336 F. App'x 413, 415 (5th Cir. 2009). Indeed, courts can easily obtain records of litigation and unpaid sanctions from other courts. *Id.* And because the court is "not imposing any new sanction . . . there [is] no need to warn [the plaintiff] or allow him to challenge the sanction." *Id.*

Because Contreras persists in filing frivolous and vexatious lawsuits, the Court should honor the sanction previously imposed against him in the District of Arizona and bar him from filing future actions in this or any other federal court without first obtaining leave of the court. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).

In addition, Contreras's current filing is barred by the three-strikes provision. *See* 28 U.S.C. § 1915(g); *Garcia v. United States*, No. 2:17-CV-1489 (D. Ariz. May 22, 2017) (finding Contreras was barred by three strikes). As such, he may not proceed without the prepayment of fees unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). However, his complaint lacks substantive factual allegations that demonstrate any imminent danger of serious physical injury. Thus, the Court should bar him from proceeding *in forma pauperis* under section 1915(g).

## III. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** on the basis of the sanction order imposed by the United States District Court for the District of Arizona in Cause No. 2:17-CV-1489 and as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

Further, the Court should order that Garcia Contreras is **BARRED** from filing future actions in this or any other federal court, without first obtaining leave of the court, and that any case filed, removed, or transferred without an application seeking leave to file, as set out the Arizona District Court's order in Case No. 2:17-CV-1489, shall not be reviewed.

**SO RECOMMENDED** on April 1, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).